**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TONYA REUSSER,**

    **Plaintiff,**

v.                                                           **Case No.  8:07-cv-427-T-30EAJ**

**SUSAN SEIDELMAN, and SNOWBIRD**
**FILMS, LLC,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Snowbird Films, LLC's Amended Motion to Dismiss (Dkt. 7).  Plaintiff has failed to file a response to the Motion. Therefore, the Motion will be considered without benefit of a response.

### MOTION TO DISMISS STANDARD

At the motion to dismiss stage, this Court must view the complaint in the light most favorable to Plaintiffs and construe all allegations in the complaint as true.  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  A court may, however, dismiss a complaint on a dispositive issue of law.  Marshall Cty Bd. of Educ. v. Marshall Cty Gas Dist., 992 F.2d 1171 (11th Cir.1993).  Conclusory allegations "will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief. . . However, the alleged facts need not be spelled out with exactitude, nor must recovery appear imminent."  Quality Foods

DeCentro America S.A. v. Latin Am. Agribusiness Dev. Corp., 711 F. 2d 989, 995 (11th Cir. 1983).  A motion to dismiss is appropriate when it appears "beyond a reasonable doubt" that the Plaintiff can prove no set of facts to support his claim.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); South Florida Water Mgt. Dist. v. Montalvo, 84 F. 3d 402, 406 (11th Cir. 1996).

## DISCUSSION

Plaintiff has filed a three count Amended Complaint (Dkt. 4) alleging Defendants have infringed upon her trademark and engaged in unfair competition.  Defendant Snowbird Films has filed a Motion to Dismiss wherein it argues Plaintiff's Amended Complaint should be dismissed because Plaintiff has failed to state a cause of action upon which relief can be granted, and has failed to join a necessary party, Snowbird Films Production, Inc.

**A.     Failure to state a cause of action.**

To prevail on a claim for trademark infringement, a plaintiff must show "(1) its mark has priority, and (2) the defendant's mark is likely to cause consumer confusion." See Carvinal Brand Seafood Company v. Carnical Brands, Inc., 187 F.3d 1307, 1309 (11th Cir. 1999).  Defendant argues Plaintiff has failed to state a claim because while Plaintiff has alleged she used the mark in 2003, her Sworn Statement of Use, filed with the U.S. Patent and Trademark Office, indicates her first use of the mark in commerce did not occur until March 2, 2005, almost one year after Defendant's first use on April 20, 2004.  However, in

looking at the First Amended Complaint and the Service Mark Statement of Use,[1] Plaintiff indicates she *used* and has used the mark continuously since 2003 and January 2, 2004, respectively. (Dkt. 4 at ¶ 7). Defendant has not identified any case which requires a Plaintiff to allege use *in commerce* in order to withstand a Motion to Dismiss. Taking the allegations in the Complaint as true, as this Court must, Plaintiff has alleged she was the prior user of the trademark.

**B.     Failure to Join a Necessary Party.**

Defendant also argues the Amended Complaint should be dismissed because Plaintiff failed to add a necessary party, Snowbird Films Production, Inc. However, the owner of the trademark is the person to bring an action for the allegedly infringed rights. See Lisseveld v. Marcus, 173 F.R.D. 689, 693 (M.D. Fla. 1997). Plaintiff has alleged that she, not Snowbird Films Production, Inc., is the owner of the mark at issue. (Dkt. 4 at ¶¶ 7,9) Moreover, Exhibit 5 to the Motion to Dismiss states in the 'Owner Section' that Plaintiff is the owner of the mark (Dkt. 7-6). Accordingly, Defendant's motion is denied.

It is therefore ORDERED AND ADJUDGED that:

1.     Defendant Snowbird Films, LLC's Amended Motion to Dismiss (Dkt. 7) is **DENIED**.

---

[1] Although the Service Mark Statement of Use is not attached to the either the Complaint or the First Amended Complaint, Defendant has attached it as Exhibit 5 of its Motion to Dismiss. Pursuant to the "incorporated by reference" doctrine, " a document which is attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim and (2) undisputed." Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002). The Service Mark Statement of Use meets both criteria.

2.     Defendant has **twenty (20) days** from the date of this order to file an Answer to the First Amended Complaint.

**DONE** and **ORDERED** in Tampa, Florida on August 16, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2007\07-cv-427 - Motion to Dismiss.frm